Case 2:20-cv-00450-SMD   Document 1   Filed 06/26/20   Page 1 of 7

RECEIVED

JUN 2 6 2020

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STEPHANIE MOORER & )
ARNISHA JOHNSON, )
                                 )   CASE NO. 2:20-cv-250
   Plaintiffs, )
                                 )   JURY TRIAL REQUESTED
v. )
                                 )
                                 )
MANPOWER, INC., )
                                 )
   Defendant.

## COMPLAINT

**COMES NOW** the Plaintiffs, Stephanie Moorer and Arnisha Johnson, by and through the undersigned counsel of record, and hereby doth complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1. The Plaintiffs file this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as 42 U.S.C. § 1981(a), to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiffs, due to the Defendant Manpower's discrimination against the Plaintiffs.

2. Plaintiff Moorer filed a charge of race discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") in Birmingham, Alabama on November 12, 2019. Plaintiff Moorer has not yet received a right-to-sue but as soon as Plaintiff

does, she will amend this suit to add a **Title VII** cause of action to pursue this claim in federal court for 90 days after said receipt. (Exhibit A).

3.      Plaintiff Johnson filed a charge of race discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") in Birmingham, Alabama on November 12, 2019. Plaintiff Johnson has not yet received a right-to-sue but as soon as Plaintiff does, she will amend this complaint to add a **Title VII** cause of action in federal court for 90 days after said receipt. (Exhibit B).

4.      The Plaintiffs are correctly pursuing this case under **42 U.S.C. § 1981** because "justice delayed is justice denied". Venue is proper in the Northern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Butler County, Alabama.

## II. PARTIES

5.      The first named Plaintiff, Stephanie Moorer (hereinafter "Plaintiff" or "Ms. Moorer") is a citizen of the United States and a resident of Butler County, Alabama. Plaintiff is over the age of nineteen years.

6.      The second named Plaintiff, Arnisha Johnson (hereinafter "Plaintiff" or "Plaintiff Ms. Johnson"), is a citizen of the United States and a resident of Butler County, Alabama. Plaintiff is over the age of nineteen years.

7.      The Defendant, Manpower, Inc. (hereinafter "Defendant" or "Manpower"), is an employment agency operating under the laws of the State of Alabama that conducts business in Butler County, Alabama.

## III. STATEMENT OF FACTS

9. In 2010 Ms. Moorer was hired by Manpower as an on-site supervisor whose responsibilities were to go to corporate client locations and check on the work being done by Manpower employees. Ms. Moorer's main responsibility for the first eight (8) years of her employment was to check on the many employees being hired by Sister Shubert's Bakery.

10. In September 2018, Manpower changed Ms. Moorer's duties to become a recruiter for Sister Schubert's. Given Ms. Moorer's preceding years' work, she was well-qualified to become a recruiter. Ms. Moorer maintained a superior employment record during her employment.

### B. Ms. Arnisha Johnson

11. Ms. Johnson is a twenty-six (26) year old African American female. In 2012 Ms. Johnson was hired by Manpower as a recruiter. Ms. Johnson's responsibilities were to tend to existing clients, and this included looking out for new clients.

12. When Ms. Johnson first came to work in September 2012, she was given eight (8) existing clients. Ms. Johnson avers she kept Manpower's clients quite happy with the products of necessary employees she was delivering to them. Accordingly, Ms. Johnson avers she was able to handle the corporate needs of Manpower's clients.

13. Ms. Johnson maintained a superior employment record during her employment.

### C. Race Discrimination at Manpower, Inc.

14. On or about 2015, Manpower hired Amanda Holder, a Caucasian female, as a recruiter. At this time, Ms. Johnson was employed by Manpower as a recruiter,

and Manpower took away eight (8) of Ms. Johnson's ten (10) clients for recruiting purposes and assigned them to Ms. Holder.

15. In 2018, Ms. Moorer was transitioned into a recruiter position by Manpower.

16. Although Ms. Johnson and Ms. Moorer had been with Manpower for a combined sixteen (16) years, Market Manager Kristi Brauer, a Caucasian female, preferred having Ms. Holder handle and recruit for client accounts over Ms. Johnson and Ms. Moorer, despite that Ms. Holder had less experience recruiting anyone for Manpower.

17. Manpower created a work atmosphere that treated African American employees differently from Caucasian employees, and this difference was especially noticeable during May to November 2019. Sales Executive Natalie Middleton told Ms. Holder, in the presence of Ms. Johnson and Ms. Moorer, that corporate clients needed "good people" to assist them. The use of the word "good", in its context, was obviously synonymous with the word "white." Ms. Middleton was suggesting that the corporate clients wanted more white or Caucasian employees than African American employees. As a result, Ms. Middleton suggested that Ms. Johnson and Ms. Moorer were less capable of being effective employees because of their African American race. Accordingly, Ms. Holder was given work that should have come to Ms. Johnson and Ms. Moorer.

18. Ms. Holder herself contributed significantly to the racially insensitive work environment at Manpower. Ms. Holder often used racial epithets and referred to African Americans as "black people" and "little brown boys." The latter was a reference to

someone of both African and Caucasian race. Ms. Holder also questioned how African Americans could afford to spend $200.00 on a pair of shoes, yet still use food stamps or government assistance. This was a form of belittlement used to intimidate African American employees, including Ms. Moorer and Ms. Johnson.

19. As a result of the racially insensitive atmosphere at Manpower, both Ms. Moorer and Ms. Johnson were terminated on November 1, 2019, despite their prior service to Manpower and superior employment record.

20. Ms. Moorer and Ms. Johnson aver that they would both still be employed, had they been Caucasian, and that they were terminated because of Manpower's preference for using Caucasians as recruiters and supervisors. Therefore, Ms. Moorer and Ms. Johnson were subjected to illegal race discrimination when they were terminated, in violation of Title VII, 42 U.S.C. § 2000(e).

21. As a result of the illegal discrimination practiced against them, Ms. Moorer and Ms. Johnson have lost income and insurance benefits. Ms. Moorer and Ms. Johnson have also incurred costs, including attorney's fees, and suffered mental and emotional anguish.

### IV. PLAINTIFFS' CAUSES OF ACTION

### COUNT ONE - RACE DISCRIMINATION

22. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 21 above, the same as if more fully set forth herein, and further aver that the Defendant's actions toward them violated their right to be free of racial discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.), and the 1991 Civil Rights Act, and 42 U.S.C. 1981(a).

23. As a proximate cause of Defendant's afore-described actions in discriminating against the Plaintiffs, due to their race, the Plaintiffs were injured and damaged, as set forth in paragraphs 1 through 21 above. In addition, the Plaintiffs have suffered considerable mental and emotional anguish.

24. The Plaintiffs aver that they have pursued and exhausted their administrative remedies.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant discriminated against the Plaintiffs, on the basis of the Plaintiffs' race;

b) An order granting the Plaintiffs compensation for rights to which the Plaintiffs would have been entitled, had the Plaintiffs not been the victim of race discrimination, effective from the date of final judgment;

c) An award of compensatory damages, including for mental anguish, to which the Plaintiffs may be entitled;

d) An award of punitive damages, due to the egregious nature of the race discrimination practiced against the Plaintiffs, so openly tolerated, ratified and acquiesced in by the Defendant;

e) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

f) Such further, other and different relief as the Court may deem appropriate and necessary.

## V. JURY DEMAND

The Plaintiffs hereby request trial by jury on all issues so triable.

Respectfully submitted this 26th day of June 2020.

Julian McPhillips (ASB-3744-L74J)
Counsel for Plaintiff

/s/Tanika L2 Finney
Tanika Finney (ASB-1359-A23B)
Counsel for Plaintiff

**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
Telephone: (334) 262-1911
Facsimile: (334) 263-2321
julianmcphillips@msg-lawfirm.com
cestes@msg-lawfirm.com